UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JEREMY CULVER,            )
                         )
            Petitioner    )
                         )
    vs.                  )        CAUSE NO. 2:16-CV-78 RLM
                         )        (Arising out of 2:12-CR-61 RLM)
UNITED STATES OF AMERICA, )
                         )
            Respondent    )

OPINION and ORDER

Jeremy Culver pleaded guilty to producing and distributing child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(2), and was sentenced to an aggregate term of 30 years' imprisonment pursuant to a binding plea agreement—a sentence half as long as the range recommended by the Sentencing Guidelines. Although he waived the right to challenge his conviction and sentence on appeal or in post-conviction proceedings in his plea agreement, Mr. Culver is now before the court requesting that the court vacate his conviction and sentence under 28 U.S.C. § 2255 [Doc. No. 130], and seeking leave to amend his petition. [Doc. No. 140]. For the following reasons, the court denies Mr. Culver's motions.

I. Background

Mr. Culver befriended an 11-year-old boy through Big Brothers Big Sisters of America, showed the boy child pornography he had collected and traded through a file-sharing internet program, and photographed the boy during

sexual activity with Mr. Culver. Mr. Culver pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2).

The court calculated Mr. Culver's final adjusted offense level under the Sentencing Guidelines as 43 and his criminal history category as I. Because the maximum sentence permissible under the statutes of conviction was 60 years, the guidelines recommended a 60-year sentence. The plea agreement included a binding recommended sentence of 30 years with 20 years of supervised release to follow. Mr. Culver was represented by a different attorney at the sentencing hearing than he had when he pleaded guilty, and asked for a continuance of the sentencing hearing so that he could move to withdraw his guilty plea because, among other things, he had received ineffective assistance of, and coercion from, counsel. The court reviewed Mr. Culver's sworn comments at the change of plea hearing and the number of previous last-minute continuances of the sentencing hearing, and the day-of-sentencing motion to continue.

Both attorneys urged the court to accept the plea agreement and sentence Mr. Culver for 30 years. The court invited Mr. Culver's allocution; he began by citing authority for his contemplated motion to withdraw his guilty plea, then indicated he also wanted to challenge the court's jurisdiction over him (an argument that somehow was tied to the Uniform Commercial Code and maritime jurisdiction). He seemed to refer to himself as a trust and as a corporation. But in his entire allocution, he mentioned not a single fact; the entirety of his allocution consisted of what he believed the law to be. He made no mention of

diagnosis of chronic mental illnesses such as schizophrenia, bi-polar disorder, or depressive disorder. He made no mention of symptoms of those disorders, such as depression, hallucinations, anxiety, inability to concentrate, flashbacks, suicidal ideation and thoughts of self-harm. Mr. Culver's allocution didn't include reference to a history of childhood sexual abuse, past medical conditions or military service, or the traumatic head injury he incurred during his military service. In the petition to be decided today, Mr. Culver said his counsel should have obtained all that information from the Bureau of Prisons and the Veterans' Administration.

The court found the binding recommended sentence reasonable because it spared Mr. Culver's most direct victims — the child he molested and photographed, and the child's family — the further trauma of trial preparation and trial, including testimony by the boy and his mother. The court accepted the plea agreement, and sentenced Mr. Culver to a term of 30 years on count 1 and 20 years on count 2, to be served concurrently, with 20 years of supervised release on each count to follow. Mr. Culver filed an appeal, but it was voluntarily dismissed. He then filed this petition to vacate his conviction and sentence under 28 U.S.C. § 2255.[1]

---

[1] Mr. Culver filed a § 2255 petition while his direct appeal was pending; the court dismissed that petition without prejudice. [Doc. No. 110].

## II. Motion to Amend

Mr. Culver moves to amend his § 2255 motion to add a new ground arguing that his plea agreement should be vacated based on a mutual mistake. The Rules Governing Section 2255 Proceedings don't contain a provision for amending motions for collateral review, so the court must look to Fed. R. Civ. P. 15(a) to determine whether leave to amend should be granted in this case. Johnston v. United States, 196 F.3d 802, 805 (7th Cir. 1999). Rule 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." "Under Rule 15, a court may deny the amendment due to undue delay, bad faith, dilatory motive, prejudice or futility." Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir. 2002) (citing Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir.2001)).

Mr. Culver seeks to add a fifth ground to his petition and argues that his plea agreement suffers from a fatal mutual mistake in paragraph 5(j), which describes the mandatory restitution required by 18 U.S.C. § 2259. As Mr. Culver acknowledges in his motion to amend, a mutual mistake can only invalidate a plea agreement if the purported mutual mistake relates to the meaning of an essential term of the agreement. United States v. Cieslowski, 410 F.3d 353, 362 (7th Cir. 2005). To invalidate the plea agreement, "the mistake of both parties must go to 'a basic assumption on which the contract was made [which] has a material effect on the agreed exchange of performances.' " Id. (quoting Restatement (Second) Of Contracts § 152(1)).

Paragraph 5(j) of the plea agreement describes the court's obligation, pursuant to 18 U.S.C. § 2259 "to order restitution for the full amount of any victims' compensable losses." Through its repeated use of "I acknowledge" statements, the plain language of Paragraph 5(j) demonstrates that it is describing legal requirements that Mr. Culver acknowledged, rather than an essential element to which the parties agreed.

Because Mr. Culver doesn't claim a mutual mistake related to an essential element of the plea agreement, it can't succeed, so it would be futile for him to amend his § 2255 petition to include it. Accordingly, the court denies the motion to amend. *See* Indep. Tr. Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 943 (7th Cir. 2012) ("it is well settled that a district court may refuse leave to amend where amendment would be futile").

### III. 2255 Petition

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Mr. Culver's motion can be resolved without a hearing. *See*

Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

*A.  The Plea Agreement's Appeal Waiver*

Mr. Culver argues four grounds support his 2255 petition to vacate his conviction and sentence: (1) the indictment in his case was unconstitutionally deficient, (2) ineffective assistance of counsel, (3) his sentence violates the Eighth Amendment, (4) the court unlawfully denied him the right to withdraw his guilty plea. While the court will address the merits of Mr. Culver's ineffective assistance of counsel argument, the court can't reach the merits of the other three grounds because the appeal waiver in his plea agreement prevents him from raising them.

Mr. Culver's plea agreement, signed by Mr. Culver, his then-attorney Kerry Conner, and Assistant United States Attorney Jill Koster, contains the following language:

> I expressly waive my right to appeal or to contest my conviction and all components of my sentence, or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to the negotiation of this plea agreement, including any appeal under 18 U.S.C. § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255.

[Doc No. 37 at ¶ 7(h)].

A court "will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly

state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014).

Mr. Culver declared that he offered his "plea of guilty freely and voluntarily and of [his] own accord." [Doc No. 37, ¶ 10], and stated during the change of plea hearing that he was "knowingly and voluntarily" giving up any opportunity to challenge his sentence and wasn't forced or coerced into the agreement. [Doc. No. 89 at 20]. His sworn statements at the change of plea hearing are presumed truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The waiver explicitly says that by pleading guilty, Mr. Culver waives his right to contest his sentence in "any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." The waiver was knowing and voluntary, so the waiver "must be enforced," Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008), and the court can't reach the merits of Mr. Culvers arguments about the indictment's sufficiency, whether his sentence violates the Eighth Amendment, and if the court unlawfully denied him the right to withdraw his guilty plea.

The plea agreement provides a narrow exception in which Mr. Culver can challenge his conviction and sentence in a § 2255 petition: he can bring an

ineffective assistance of counsel claim if it relates directly to the negotiation of the plea agreement. The court must enforce the waiver as to any other claims of ineffective assistance of counsel. *See* Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011). Accordingly, the court can't reach the merits Mr. Culver's claims that he received ineffective assistance of counsel because his lawyer failed to challenge the sufficiency of his indictment, didn't move to suppress his confession, and abandoned him during competency proceedings. Hurlow v. United States, 726 F.3d 958, 966–967 (7th Cir. 2013).

### B. Ineffective Assistance of Counsel in Plea Negotiations

Mr. Culver's petition includes one claim that isn't barred by the appeal waiver in his plea agreement: his claim that his counsel provided ineffective assistance during the plea negotiations. The Sixth Amendment guarantees criminal defendants the right to constitutionally sufficient representation by an attorney. To prevail on an ineffective assistance of counsel claim, Mr. Culver must show both that his attorneys' performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-693 (1984). This is a difficult standard to meet; to prevail, Mr. Culver must show both "that counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so

serious as to deprive [Mr. Culver] of a fair [result]." <u>Strickland v. Washington</u>, 466 U.S. at 687.

Beginning with the performance prong of the <u>Strickland</u> inquiry, there is a strong presumption that counsel performed effectively. *See* <u>Berkey v. United States</u>, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " <u>Vinyard v. United States</u>, 804 F.3d at 1225 (quoting <u>Strickland v. Washington</u>, 466 U.S. at 687). Because reviewing courts shouldn't second-guess counsel's strategic choices, the burden of showing that counsel's decisions fell outside the wide range of reasonable strategic choices "rest[s] squarely on the defendant." <u>Burt v. Titlow</u>, 571 U.S. 12, 22–23 (2013).

"Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.' " <u>Eckstein v. Kingston</u>, 460 F.3d 844, 848 (7th Cir. 2006) (quoting <u>Strickland v. Washington</u>, 466 U.S. at 694). "To establish prejudice in the pleading context, the petitioner must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct." <u>Hutchings v. United States</u>, 618 F.3d 693, 697 (7th Cir. 2010) (citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)).

To the extent Mr. Culver claims he was coerced into an involuntary plea by his attorney, that claim is unavailing. Mr. Culver doesn't describe any coercive action his attorney took, and his coercion claim is belied by sworn statements he made at the change of plea hearing in this case. Mr. Culver was asked if "anybody in any way tried to force [him] or to coerce [him] into pleading guilty." [Doc. No. 89 at 22]. He responded, "no." Id. Mr. Culver was then asked if he was "pleading guilty of [his] own free will because [he was], in fact, guilty." Id. He responded, "yes." Id. And Mr. Culver was asked if he was "fully satisfied with the advice and the representation and the counsel that [he] . . . received from [his attorney] in this case." He responded, "yes." Id. at 7.

"[A] defendant is normally bound by the representations he makes to a court during [a change of plea] colloquy . . . [because j]ustice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [a defendant] to renege on his representation under oath to the district court." Hutchings v. United States, 618 F.3d 693, 699 (7th Cir. 2010). Accordingly, "a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." Bethel v. United States, 458 F.3d 711, 719 (7th Cir. 2006) (quoting United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005)). Mr. Culver provided no explanation for the contradiction, so his claim of coercion can't succeed.

Mr. Culver also claims that his counsel provided ineffective assistance during the plea negotiations by not investigating and presenting mitigating

circumstances that could have benefited him in his plea negotiations.[2] He points to mental health issues, medical conditions, military service, federal employment, and volunteer work with Big Brothers Big Sisters of America[3] as mitigating factors that his counsel should have investigated and presented during plea negotiations. Mr. Culver submitted medical records as exhibits to his petition and says that his counsel could have obtained this information from the Federal Bureau of Prisons and the Department of Veterans Affairs.[4] Mr. Culver's submissions on his § 2255 petition don't explain why he didn't just tell his attorney about these things.

In some cases, if defense counsel doesn't try to learn all of the facts of the case before recommending a plea agreement and "that failure is the decisive factor in the decision to plead guilty, the Sixth Amendment is violated." Moore v.

---

[2] To the extent Mr. Culver argues that his attorney was unconstitutionally ineffective because he didn't present mitigating evidence to the court at sentencing, the court can't reach the merits of the argument because it doesn't relate to the negotiation of the plea agreement and so is foreclosed by the plea agreement's appeal wavier. *See* Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011). And to the extend Mr. Culver argues that his counsel's failure to investigate or present mitigating factors during plea negotiations "result[ed] in a much less favorable plea bargain," [Doc. No. 130 at 24], his claim fails because a less favorable plea bargain is insufficient to show prejudice. *See* Bethel v. United States, 458 F.3d at 720.

[3] The court is hard pressed to understand how Mr. Culver's counsel could have presented Mr. Culver's volunteer work with Big Brothers Big Sisters of America as a mitigating factor during plea negotiations. Mr. Culver used his role as a mentor in the organization to befriend an 11-year-old. After grooming the boy, Mr. Culver showed him child pornography he had collected and traded through a file-sharing internet program and photographed the boy during sexual activity with Mr. Culver.

[4] The court notes that all of the medical records Mr. Culver submitted as exhibits are dated after the plea agreement was entered, but assumes without deciding that Mr. Culver intends them to be suggestive of records his counsel would have discovered had he investigated Mr. Culver's mental health and medical history.

Bryant, 348 F.3d 238, 241 (7th Cir. 2003). And Mr. Culver states in his petition and his sworn affidavit that he would have gone to trial if not for his counsel's deficiency.

But Mr. Culver's "statement that he would have insisted on going to trial absent [his counsel's failings] rings hollow when read in conjunction with . . . his admi[ssions of] his guilt and express[ions of] his desire to plead guilty" under oath at his change of plea hearing. Hutchings v. United States, 618 F.3d at 697 And his bare statement "that he would have insisted on going to trial" isn't enough to establish prejudice; "such a statement can support a finding of prejudice if combined with probative, objective evidence." Id. (quoting United States v. Cieslowski, 410 F.3d 353, 359 (7th Cir. 2005)).

Mr. Culver's simple statement that he would have gone to trial had his counsel not provided ineffective assistance also stretches the bounds of credibility in light of what he faced had he gone to trial. On the two counts to which he pleaded guilty, Mr. Culver faced a minimum sentence of 15 years and a maximum of 50 (on count carried a 30-year maximum, and the other a 20-year maximum). Mr. Culver pooh-poohs the likelihood of consecutive sentencing that would be required for a 50-year sentence because the sentencing guidelines prefer concurrent sentencing. But the guidelines contemplate consecutive sentencing when needed to impose a sentence within the advisory range, and the guidelines recommended a life sentence for Mr. Culver. The government also took back part of the book thrown at Mr. Culver in the indictment: the government agreed to dismiss count 3 of the indictment, which carried its own

potential 20-year sentence. But for the plea agreement, Mr. Culver would have faced a maximum sentence of 70 years, with the guidelines recommending a life sentence. The plea agreement also contained the government's promise not to file any additional charges based on information it had; the court isn't in a position to assess that promise's value. Given what Mr. Culver faced, and what the government could show he had done, this appears to be a very favorable plea agreement.

Mr. Culver doesn't present, or even describe, any other probative, objective evidence that his counsel's failure to investigate and present mitigating circumstances before and during plea negotiations was "the decisive factor in [his] decision to plead guilty," so the court can't find that he was prejudiced. Moore v. Bryant, 348 F.3d at 241. Accordingly, the court denies Mr. Culver's petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

## IV. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Issuance of a certificate of appealability requires the court to find that Mr. Culver has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons stated, he hasn't done so and the court declines to issue a certificate of appealability.

## V. Conclusion

Based on the foregoing, the court DENIES the motion for leave to amend the § 2255 petition, [Doc. No. 140]; DENIES the motion to vacate, [Doc. No. 130]; and DECLINES to issue a certificate of appealability.

SO ORDERED

ENTERED: <u>February 12, 2019</u>

<u>/s/ Robert L. Miller, Jr.</u>
Judge, United States District Court